IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES SECKMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07-CV-105-JHP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AND OPINION**

Before the Court are Petitioner James Seckman's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and Supplement [Docket Nos. 1, 7], the Government's Response to the Motion [Docket No. 5], and Seckman's Reply to the Response [Docket No. 6]. Seckman alleges that he received ineffective assistance of counsel for which he is entitled to relief. For the reasons set forth below, Seckman's Motion is DENIED without evidentiary hearing.

**BACKGROUND**

James Seckman was arrested on October 15, 2003, after a traffic stop of the motorcycle he was driving turned up large amounts of pseudoephedrine, as well as other ingredients associated with the manufacture of methamphetamine. Law enforcement agents subsequently secured a warrant to search Seckman's home. During the search, evidence of an illegal methamphetamine manufacturing operation was discovered and seized.

On July 15, 2004, a federal grand jury sitting in the Eastern District Of Oklahoma returned a four count indictment against Seckman. The indictment charged Seckman as follows: Counts One

1

and Two, Manufacturing Methamphetamine in violation of 21 U.S.C. § 841(a)(1); Counts Three and Four, Possession of a Firearm by Prohibited Person in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). Seckman was arraigned on July 19, 2004, and pled not guilty to all four counts contained within the indictment.

On July 27, 2004, Seckman filed a motion to suppress evidence seized by the government during the searches of Seckman's motorcycle and home. Seckman argued that the search of his motorcycle was without consent or probable cause, and therefore the evidence found on his motorcycle should be suppressed. Seckman further argued that once the evidence seized from the motorcycle was suppressed, it should not be used to consider whether probable cause to search Seckman's home existed. Seckman argued that without the evidence from the motorcycle, there was no probable cause to search his home, and therefore the evidence found at the home should be suppressed as well.

An evidentiary hearing on that motion was held on August 3, 2004 before a magistrate. The magistrate subsequently issued a Report and Recommendation finding that probable cause did exist to search the motorcycle. The magistrate did not reach the question of whether probable cause existed for the search of the home, instead finding that the good-faith exception set forth in *United States v. Leon,* 468 U.S. 897 (1984) cured any failure by the affidavit to establish probable cause to search the home. Seckman objected to the Report and Recommendation, but on September 23, 2004, this Court issued an Order adopting the Report and Recommendation of the magistrate and denying Seckman's Motion to Supress.

On October 28, 2004, Seckman pled guilty to Count Two of the indictment, pursuant to a plea agreement. As part of his plea agreement, Seckman waived his right "to appeal the amount,

terms, or condition of any punishment imposed by the Court, except for any upward departure from the sentencing guideline range found applicable by the Court." At his sentencing on April 12, 2005, Seckman reserved the right to appeal the denial of his motion to suppress. Seckman was subsequently sentenced to a term of imprisonment of 115 months.

Seckman filed his Notice of Appeal on April 12, 2005. Seckman did not challenge the evidence found in the search of his motorcycle, but instead focused his appeal on the search of his house. Specifically, his appeal focused on whether information contained within the affidavit provided by state narcotics agents was obtained unlawfully and therefore should have been excluded. In its March 16, 2006, order affirming Seckman's conviction, the Tenth Circuit explained:

> The premise of Mr. Seckman's argument is that the affidavit in support of the warrant should have disclosed that the observations about his residence were the product of a Fourth Amendment violation, i.e. a warrantless entry onto the curtilage. The record in this case is inadequate to support that premise. Specifically, the appendices in this case contain the judgment, the affidavit for the search warrant, the disposition by the district court and report and recommendation of the magistrate judge and two pages of the transcript of the suppression hearing. Aplt.App. & Aplee. App. Mr. Seckman's brief quotes another page of the suppression hearing not contained in the appendices. Aplt. Br. at 6-7. Nowhere is the nuanced analysis that would be required to determine whether a valid Fourth Amendment claim exists concerning whether the agents' observations were made from a protected vantage point, let alone whether the warrant in this case should have disclosed fully the circumstances surrounding those observations.

*United States v. Seckman*, 175 Fed. Appx. 193, 196 (10th Cir. 2006) (citations omitted). While noting that deficiency, the Tenth Circuit based its holding on the same grounds as the magistrate and the District Court before it, the *Leon* good-faith exception:

> We reject Mr. Seckman's argument that a reasonably well-trained officer would have known that the search was illegal despite the warrant, and that the material omission of the circumstances surrounding the observations of the agents is tantamount to a false statement. No indication exists in this record that the officer deliberately or recklessly misled the state court judge, or that the judge abdicated his duty. Thus, we need not address the contention that without the agents' observations, the affidavit

for the warrant lacked probable cause.

*Id.* On March 29, 2006, Seckman petitioned for rehearing. Included in the petition was a copy of the previously omitted page 36 of the suppression hearing transcript, an explanation of why it was omitted, and further arguments as to the importance of the page. The petition for rehearing was denied on April 6, 2006.

On June 22, 2006, Seckman petitioned the United State Supreme Court for *a writ of certiorari.* That petition was denied October 2, 2006.

Seckman now asks this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. Seckman argues that he received ineffective assistance of counsel during the pretrial, sentencing, and direct appeal process. Seckman argues that he was prejudiced by his counsel's ineffectiveness and seeks an evidentiary hearing before this Court.

## **DISCUSSION**

As an initial matter, the Court notes that the failure to raise an issue on direct appeal generally bars a petitioner from subsequently raising the same issue on collateral review pursuant to 28 U.S.C. § 2255 unless the petitioner can demonstrate "both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense," *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004); *see United States v. Frady*, 456 U.S. 152, 167 (1982), or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Nevertheless, the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Because Seckman's various pleadings appear to assert only claims for ineffective

assistance of counsel, Seckman is not procedurally barred from bringing those claims pursuant to a § 2255 motion.

**A. The Waiver of the Right to Appeal**

The Government first argues that Seckman should be barred from bringing this § 2255 action based upon the waiver of appellate rights contained in Seckman's plea agreement. In that plea agreement, Seckman expressly waived his right to appeal the "amount, terms or condition of any punishment imposed by the sentence on any ground except for any upward departure from the sentencing range found applicable by the Court." (Plea Agreement, ¶ 24 at 10.)

In support of its argument, the Government cites *United States v. Cockerman*, 237 F.3d 1179 (10th Cir. 2001) as standing for the proposition that a waiver of appellate rights includes a waiver of the right to seek habeas corpus relief. (Reply at 8.) *Cockerman* does not stand for that broad a contention. The plea agreement at issue in *Cockerman* contained a waiver of "any appeal rights conferred by 18 USC § 3742, any post-conviction proceedings, and any habeas corpus proceedings." *Id.* at 1180. The Tenth Circuit's holding as to that waiver was simply, "that a defendant *may* expressly waive, in a plea agreement, the right to bring a § 2255 collateral attack on his sentence or conviction[.]" *Id.* at 1190-91 (emphasis added).

In the present case, Seckman never waived his right to seek § 2255 relief. Despite the Government's argument that a waiver of appellate rights encompasses § 2255 proceedings, no caselaw exists to support to such a proposition. Additionally, the caselaw cited by the Government simply stands for the proposition that the right to seek § 2255 relief can be waived. Here, that right was not waived. Therefore, the Court rejects the Government's contention that Seckman should be barred from bringing this § 2255 action.

**B. The Ineffective Assistance of Counsel Claims**

28 U.S.C. § 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The statute further directs that:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

*Id.* The Court therefore examines the record before it to determine whether or not the record "conclusively" shows that Seckman is entitled to no relief on his claims of ineffective assistance of counsel. If not, the Court must order an evidentiary hearing.

**1. Ineffective Assistance of Counsel Generally**

Seckman's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). Specifically, Seckman must demonstrate that: (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.* at 688-92 Failure to establish either prong of the *Strickland* standard will result in a denial of Seckman's Sixth Amendment claims. *Id.* at 700.

While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised when applying the first prong of the *Strickland* test. As the Supreme Court cautioned in *Strickland*,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.* at 689. In addition, the Supreme Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The Tenth Circuit has indicated that before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); *see also Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir.1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective).

If the criminal defendant can prove deficient performance, the defendant must next prove prejudice, showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The *Strickland* Court articulated the test as being whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court has since cautioned, however, that "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993). The focus, therefore, should be on whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Nix. v. Whiteside*, 475 U.S. 157, 175 (1986).

A court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d

1177, 1184 (10th Cir. 1999). Therefore, this Court examines Seckman's claims of ineffective assistance to determine whether he has adequately satisfied *both* prongs of the *Strickland* test.

### a. Ineffective Assistance at the Pre-Trial Stage

Seckman alleges ineffective assistance of counsel during pre-trial proceedings based upon counsel's failure to make certain arguments in support of a motion to suppress evidence found at Seckman's home. Seckman's first claim of ineffective assistance of counsel is based on counsel's alleged failure to:

> argue in the motion to suppress that probable cause was lacking for the search of Mr. Seckman's home based on the government agents use of information obtained from the unconstitutional entry upon the curtilage of Mr. Seckman's property.

(Mot. ¶ 26, at 12.) Seckman acknowledges that his counsel did raise this issue at the hearing on the motion to suppress, but argues that his counsel's arguments were not "meaningful". (Mot. ¶ 28, at 12.) Seckman's claim, therefore, is not based on counsel's failure to raise the issue, but is instead directed at the quality and content of counsel's arguments on that issue. If Seckman can show that the quality and content of counsel's arguments were constitutionally deficient, Seckman must also show that, but for his counsel's errors, the motion to suppress would have been granted, and with that motion having been granted, Seckman would not have been convicted.

The record reflects that counsel raised the issue of the possibly unlawful entry onto the curtilage of Seckman's home at the hearing on the motion to the suppress. Counsel urged the Magistrate to consider "the unwarranted entry of the property without a search warrant to find the other remnants of a lab, which I think has to be taken into consideration." (Mot. ¶ 11, at 9.) Counsel, therefore, did properly raise the issue. Seckman argues, however, that "counsel cited no authority that would have allowed the District Court to grant the motion to suppress based on the use of

information in the search warrant which was obtained from the unlawful entry upon the curtilage[.]" (*Id.*) The Report and Recommendation does note that the issue was, "difficult to resolve in large part because the parties did not adequately address it in their briefs or at the suppression hearing." (Report and Recommendation at 13.) Seckman ignores the fact, however, that the Report and Recommendation goes on to note that the issue "need not be ultimately resolved, however, because the undersigned Magistrate Judge is satisfied that the good-faith exception...cures any failure by the affidavit to establish probable cause to search the Defendant's home." (*Id.* at 15.)

The Tenth Circuit similarly sidestepped the issue and relied upon the good-faith exception of *United States v. Leon,* 468 U.S. 897 (1984) in affirming the denial of the motion to suppress. *United States v. Seckman*, 175 Fed. Appx. 193, 196 (10th Cir. 2006). Therefore, despite the fact that Seckman's counsel may have erred in not fully developing the curtilage issue, Seckman cannot prove prejudice because the motion to suppress was denied, and that denial was affirmed on appeal, on grounds independent of the curtilage issue. Seckman has thus failed to demonstrate "a reasonable probability that the outcome of the trial would have been more favorable to him, absent the errors of trial counsel." *United States v. Holder*, 410 F.3d 651, 654 (10th Cir. 2005).

Seckman also alleges prejudice based upon the failure of his counsel to argue the inapplicability of the *Leon* good-faith exception. Seckman wholly fails to show how any such argument would have changed the outcome of the motion to suppress. The Magistrate Judge, District Court, and Tenth Circuit *all* relied on the *Leon* exception, and all found it applicable to the case at bar. Seckman offers no argument that his counsel should have made, or could have made, that would somehow have altered the learned judgment of the judges who decided that *Leon* was applicable. Seckman, therefore, has failed to show prejudice as a result of counsel's failure to argue the

9

inapplicability of *Leon.*

The Court does not pass judgment on the constitutional adequacy of counsel's representation at the pre-trial stage because the record conclusively shows that Seckman was not prejudiced by any alleged deficiency on the part of his counsel. Accordingly, the Court finds that Seckman has failed to prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Therefore, the Court rejects Seckman's claims of ineffective assistance of counsel during pre-trial proceedings.

### b. Ineffective Assistance at Sentencing

Seckman alleges ineffective assistance due to "counsel's acts and omissions with respect to sentencing." (Mot. at 40.) Seckman argues that his counsel: 1) failed to object to "unlawful, false, and unreliable evidence" used to determine his guideline sentencing range and ultimate sentence; 2) failed to move for an "appropriate" downward departure; and 3) failed to timely argue that he was denied Due Process and his Sixth Amendment right to "notice and jury trial by the increase in his sentence by facts not charged in the indictment, not submitted to a jury, and not proven beyond a reasonable doubt or admitted by Mr. Seckman while utilizing 'mandatory' guidelines and failing to consider or grant sufficient weight to the factors set forth in 18 U.S.C. § 3553(a)." (Mot. at 15.)

Although the Court liberally construes Seckman's *pro se* motion, allegations that are conclusory in nature and without supporting factual averments are insufficient to support an ineffective assistance of counsel claim. *U.S. v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). In the present case, Seckman makes no attempt to identify the allegedly "unlawful, false, and unreliable evidence" used to determine his guideline sentencing range and ultimate sentence, nor does he expound on this conclusory allegation anywhere in his motion. Seckman also fails to identify which

10

"appropriate" downward departure his counsel failed to move for, and makes no other argument as to that conclusory allegation. Seckman similarly fails to present any facts supporting his third allegation.

In all, the Court is left with three wholly conclusory allegations, devoid of factual averments in support. The lack of specificity and factual support makes it impossible for this Court to find that Seckman's representation was constitutionally deficient. As such, the Court concludes that the record before it conclusively shows that Seckman has failed to adequately support his ineffective assistance of counsel at sentencing claims. Therefore, those three claims must be rejected.

### c. Ineffective Assistance During the Direct Appeal

Seckman also alleges ineffective assistance of counsel during the course of direct appeal. Seckman makes allegations of two deficiencies: 1) "[c]ounsel unprofessionally failed to investigate or present the strongest issues available to Mr. Seckman for his direct appeal and failed to preserve viable issues for collateral review"; and 2) counsel failed to include in the appellate record certain "critically important" pages[1] from the transcript of the hearing on the motion to suppress. (Mot. at 13, 16.) Seckman's first allegation, like many of his other allegations, is conclusory in nature and wholly unsupported by factual averments. Therefore, it is insufficient to support an ineffective assistance of counsel claim. Seckman's second allegation, however, is supported by the requisite specific factual averments.

This second claim revolves around the Tenth Circuit's March 16, 2006, denial of Seckman's direct appeal. Seckman claims that the denial was a direct result of counsel's failure to include three

---

[1] It should be noted that while Seckman alleges the omission of "pages 34-36", the Tenth Circuit's opinion denying Seckman's appeal and Seckman's subsequent Petition for Rehearing only reference the omission of page 36.

"critically important" pages of the transcript of the hearing on the motion to suppress as part of the record for appeal. Seckman argues that had the Tenth Circuit had these "critically important" pages of the hearing transcript, the outcome of his appeal would have been different. The transcript page(s) in question involve the questioning of Officer James Alford of the United States Forest Service by Seckman's counsel. The questioning reflected in those transcript pages revolved around the issue of whether Officer Alford was on the curtilage of Seckman's property when he made certain observations. The fatal flaw that infects Seckman's argument is this, while the Tenth Circuit noted the lack of "nuanced analysis that would be required to determine whether a valid Fourth Amendment claim exists concerning whether the agents' observations were made from a protected vantage point", *Seckman,* 175 Fed. Appx. at 196, the Tenth Circuit affirmed Seckman's conviction on grounds independent of the curtilage issue. The Tenth Circuit applied the *Leon* good-faith exception which would remain applicable regardless of the outcome of the curtilage issue. Therefore, even had the omitted pages been included in the record for appeal, and even had the Tenth Circuit found those pages to be persuasive and found a Fourth Amendment violation on the curtilage issue, Seckman would have still lost his appeal.[2] Thus, it is impossible to say that Seckman was prejudiced by this omission on the part of his counsel.[3]

The Court does not pass judgment on whether counsel's alleged omissions at the direct

---

[2]It should be noted that Seckman argues that counsel's argument and questioning on the curtilage issue was not "meaningful". This argument undermine's Seckman's contention that the inclusion of that "meaningless" line of questioning in the record for appeal would have changed the outcome of the appeal.

[3]Additionally, Seckman petitioned the Tenth Circuit for rehearing asking the Circuit to consider the omitted pages, and the Circuit denied the petition. The Supreme Court similarly denied Seckman's petition for writ of certiorari. *Seckman v. U.S.,* 127 S. Ct. 182, 183 (2006).

appeal stage amount to constitutionally deficient performance because the record conclusively shows that Seckman was not prejudiced by counsel's omission of certain pages of the record for appeal.

### d. Ineffective Assistance Claims Relevant to Pre-Trial, Sentencing, and Direct Appeal

Seckman also argues that his counsel:

> [L]abored under an actual conflict of interest which adversely affected their performance during the pretrial, sentencing, and direct appeal process in this case. Counsel owed a 'duty' to someone other than the Mr. Seckman. This duty was in conflict with the duty owed to Mr. Seckman.

(Mot. at 16.) However, Seckman fails to specify what the alleged conflict entailed. In fact, other than restatements of that scant allegation, the issue is not raised again in Seckman's motion. Without some sort of factual background by which this Court might examine this alleged conflict of interest, the Court cannot conclude that Seckman has demonstrated ineffective assistance of counsel because of that alleged conflict. Although the Court liberally construes Seckman's *pro se* motion, allegations that are conclusory in nature and without supporting factual averments are insufficient to support an ineffective assistance of counsel claim. *Fisher*, 38 F.3d at 1147.

## CONCLUSION

The files and records of the case conclusively show that Seckman is entitled to no relief on his claims of ineffective assistance of counsel. Therefore, the Court DENIES Seckman's motion without evidentiary hearing.

IT IS SO ORDERED this  19th  day of November, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma

13